FILED - GR
September 3, 2015 2:01 PM
CLERK OP COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ns / SCANNED BY: ___

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| LORENZO MAURICE BATES,<br>Petitioner, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | Criminal Case No. 1:13-CR-96<br>Civil Case No. |
| UNITED STATES OF AMERICA,<br>Respondent. | §<br>§<br>§<br>§ | 1:15-cv-902<br>Robert J. Jonker<br>U.S. Chief District Judge |

. . . oOo . . .

MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION TO
VACATE, SET ASIDE, OR CORRECT A SENTENCE UNDER 28 U.S.C. § 2255

---

TO THE HONORABLE DISTRICT JUDGE ROBERT J. JONKER:

Comes NOW, Lorenzo Maurice Bates, (hereinafter referred to as the "Petitioner"), appearing as a self represented litigant and proceeding In Forma Pauperis. Petitioner respectfully concedes that he is not adequately trained or schooled in the practice of the law and should be considered legally illiterate. For this reason, Petitioner respectfully requests that this Honorable Court will grant him liberal reading of these pleadings to raise the strongest arguments that they may suggest. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (Holding that allegations in a pro se complaint are to be "held to a less stringent standards than formal pleading drafted by lawyers").

## Nature of The Case

The instant collateral attack is pursuant to 28 U.S.C. § 2255 (f)(1), focusing on the fifteen years mandatory statutory minimum sentence term of imprisonment imposed by the Honorable Judge Jonker, on August 22, 2014. During sentencing, the Honorable Judge adopted the presentence report ("PSR") which found that the Petitioner had three qualifing prior convictions to subject him to the Armed Career Criminal Act ("ACCA") which called for a minimum sentence of fifteen years pursuant to 18 U.S.C. § 924(e)(1).

The PSR use two "violent [State] felonies" (1995 conviction for Armed Robbery, in violation of MCC § 750, 529 and 2005 conviction for Third Degree Fleeing and Eluding, in violation of MCL § 750, 479a (3)) and one "Serious [State] Drug Offense" (2006 conviction for delivery/manufacture of cocaine, in violation of MCL §333. 7401(2)(a)(iv). Petitioner was sentenced to a fifteen year term of imprisonment.

On June 26, 2015, the Supreme Court decided Johnson v. United States, 135 S.Ct. 2551 stricking down as unconstitutionally vague the residual clause portion of the statutory definition of "violent Felony" in the penalty provision in the ACCA. Johnson's holding invalidated all applications of the residual clause, because it rejected the government's argument that "a vague provision is constitutional merely because there is some conduct that clearly falls within the provision's grasp.

Johnson went on the explain that imposition an increased sentence under the residual clause violated the Due Process Clause because

2.

this catchall provision is unconstitutionaly vague:

> "We are convinced that the indeterminacy of the wide-ranging inquiry required by the residual clause both denies Due Process of Law."

> "Invoking so shapeless a provision to condem someone to prison for 15 years to life does not comport with the Constitution's guarantee of Due Process."

id., at

Petitioner respectfully concedes that in light of Johnson he no longer qualifies as an ACCA Offender because the Third Degree Fleeding and Eluding, predicate cnviction uses for his ACCA enhancement is no longer constitutionally valid. Johnson overturned Sykes v. United States, 131 S.Ct. 2267 (2011) which upheld eluding convictions as a "Violent Felony" under the residual clause. As such, with the last reguge of the residual clause no longer available, Petitioner statutory maximum for his 18 U.S.C. § 922(g) conviction is now ten years.

Johnson narrows the interpretation of § 924(e) by promulgating a more favorable standard for the Petitioner than previously used by the Sixth Circuit that Michigan's Third Degree Fleeding and Eluding qualified as a "violent felony" because it met the "serious patential risk" criteris of the residual cause. See United States v. Young, 580 F.3d 381 (6th Cir. 2009). Johnson leaves no doubt that a prior conviction that used the residual clause to qualify it as a "violent felony" even if there was an agreement that certain conduct would come within the clause's catch all prohibitions can not be used for an ACCA statutory enhancement purposes.

In light of Johnson announcing a new substantive rule and Bates

3.

serving a custodial sentence which he does not qualify for. This timely filed § 2255(f)(1) motion is the proper vehicle for remedying Bates injury. Were Bates before this Court today, he could not be convicted and sentenced as an ACCA, Offender in violation of § 924(e)(1). The writ of Habeas Corpus exists precisely to provide relief to people like Bates as he is actually innocent of § 924(e)(1). Bates meets both requirements necessary to obtain relief pursuant to § 2255: He is in custody and this § 2255(f)(1) motion is timely.

## GROUNDS FOR RELIEF

A. Petitioner's § 2255 Motion is Timely Because Johnson Announced a New Substantive Rule That Applies Retroactively To Cases On Collateral Review.

Before setting forth the grounds for relief, it is necessary to address the timeliness of this motion. Section 2255 motions generally must be filed within a year of the date on which the judgment of conviction becommes final. In Bates' case, his conviction became final 14 days after the Judgment was entered after sentencing which would be September 5, 2014 because his lawyer failed to file a notice of apeal on his behalf. One year from the date of final conviction Bates is filing this initial § 2255 (f)(1) motion before September 4, 2015. Thus, Bates § 2255(f)(1) motion should be considered timely. See Certificate of Service.

The Supreme Court asserted a new substantive rule in Johnson and that rule is retroactively applicable to cases on collateral review. The Johnson Court removed the residual clause part from the ACCA which makes it a new constitutional rule because it places the Defendant in a position where the punishment cannot now be applied

4.

to that defendant and never could have. See Bousley v. United States, 523 U.s. 614, 620 (1998).

The Supreme Court has explained that new rules will apply retroactively in a collateral proceeding only if (1) the subtantive or (2) there is a "watersheld rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Whorton v. Bockting, 549 U.S. 406, 416 (2007)(Quoting Saffle v. Parks, 494 U.S. 484, 495 (1990)). In the substantive-rule category the Supreme Court has included "decisions that narrow the scope of a criminal statute by interpreting its terms" and "constitutional determinations that place particular conduct or persons covered by the statue beyond the [government's] power to punish." Schriro v. Summenlin, 542 U.S. 348, 351-352 (2004). Simply put, the ACCA is a substantive criminal statute and the remove of the residual clause would prevent the punishment of certain defendants under the statute would be retroactively applicable. Bryant v. Warden, 738 F.3d 1253, 1260 (11th Cir. 2013).

The mistaken impostition of a fifteen-year mandatory minimum clearly affects a defendant's substantial rights by resulting in a mandatory minimum clearly affects a defendant's substantial rights by resulting in a mandatory period of incarceration that judges may not reduce. See e.g., Puckett v. United States, 556 U.S. 129, 135 (2009)(Holding error affects defendant's "substantial rights" if it "affected the outcome of the district court proceedings"); infra note 28 (listing cases finding defendant's substantial rights affected by errors in ACCA's application). Therefore, the use of the unconstitutional residual clause test to punish, a defendant for a new manda-

5.

tory minimum under the ACCA would violate a defendant's substantial rights. See United States v. Heikes, 525 F.3d 662, 664 (8th Cir. 2008)(finding a district judge's conclusion that a prior conviction qualified as a violent felony was plain error affecting Defedand's substantial rights); Beard v. Banks, 542 U.S. 406, 411 n.3 (2004)(Held that substantive rules are not subject to Teague v. Lane., 489 U.S. 288 (1989) because they are "more accurately characterized as substantive rules" and Teague by its terms applies only to procedural rules.").

Johnson does not announce a new rule of criminal procedure, it renders a criminal statutory provision unenforceable in all cases, no matter how perfect the process any particular defendant may have been accorded. In other words, Johnson instructs all Federal Courts that they cannot use the residual clause of the ACCA to dish out any punishment. Since, Congress did a bad job in defining a "violent felony" through the ACCA's residual clause provision. For that reason, the Supreme Court struck down the residual clause in violation of due process. Therefore, when the Supreme Court invalidated the residual clause, its action would be considered substantive, thus, should be applied retroactively on collateral review.

The Supreme Court's Sixth Amendment jurisprudence helps to show why the Johnson decision invalidating the residual clause's mandatory sentencing enhancement is substantive. Under Apprendi v. New Jersey, 530 U.S. 466 (2000) and its progenies, the Sixth Amendment requires a jury to determine whether a defendant has committed each element of an offense. Id. at 483 n.10 490. The Supreme Court just recently held that "any fact that increases the mandatory minimum of a sentence is, in effect, an "element" of the offense. Alleyne v. United States 133 S.Ct. 2151, 2155, 2158 (2013). The Alleyne Court reasoned that "a fact triggering a mandatory minimum ... produces a new penalty" and thus

"constitute[s] a new, aggravated crime." Id. at 2160-61. A decision attering the defendant's elibility for a new statutory mandatory minimum sentence, thus, alters the "element's for the offense" and for that reason, should be considered substantive for purposes of retroactivity analysis. See Schriro, 542 U.S. at 354.

Facts that increase a defendant's sentence may be considered substative for other purposes, even if they are not considered substantive elements of the offense for purposes of the Sixth Amendment. For example, Peugh v. United States, 133 S.Ct. 2072, 2081-2085 (2013) held that advisory guidelines, which are not considered substantive for purposes of the Sixth Amendment, are substantive laws for purposes of the Ex Post Facto Clause and the Schriro Court suggests prior convictions that increase the defendant's sentence to a capital sentence was prior conviction. Id. 542 U.S. at 351 n.3.

In Bailey v. United States, 516 U.S. 137 (1995), the Supreme Court narrowed the scope of a criminal statue just like in Johnson. There the Bailey Court held that a conviction for "use" of a firearm under 18 U.S.C. § 924(c) requires proof of a defendant's "active employment of a firearm." Id. 144. Three years later in Bousley v. United States, 523 U.S. 614 (1998), the Supreme Court observed that "it would be inconsistent with the doctrinal underpinnings of Habeas review" to prevent a habeas petitioner from relying on Bailey to support his claim that his guilty plea was constitutionally invalid. Id. at 621 (ultimately finding of that the petitioner failed to establish cause and remanding for a find-

7.

ing of actual innocence). Substantive rules of this nature apply retroactively "because the necessarily carry a significant risk that a defendant stands convicted of, an act that the law does not make criminal of faces a punishment that the law cannot impose upon him." Schriro, 542 U.S. at 352.

The result in Johnson means that Mr. Bates could not be sentenced to a term of imprisonment exceeding ten (10) years for his § 924(g) conviction because under the ACCA the punishment he was given of more than ten (10) years cannot be imposed on him. In Mr. Bates' case Johnson is substantive because it forecloses any possibility that could serve more than ten (10) years of imprisonment. See Schriro, 542 U.S. at 351-52 (Stating decisions narrowing the scope of a criminal statute apply retroactively). In other words, Johnson foreclosed a sentencer's ability to impose more than ten years' imprisonment for Petitioner's § 922(g) conviction because the ACCA residual clause was used to qualify him for a statutory mandatory minimum of fifteen (15) years, which if he was sentenced today he would not receive. Johnson's retroactive substantive rule applies in Petitioner's case because Johnson created a newly recognized right.

    B.    Because The Record Is Clear And Cannot Support Mr. Bates'
           ACCA Statutory Sentencing Enhancement of His Guilty Plea,
           He Is Entitled To Relief Under Title 28 U.S.C. §2255.

Relief is warranted in Petitioner's case because there was a "fundamental defect which inherently result[ed] in a complete miscarriage of justice." David v. United States, 417 U.S. 333, 346 (1973); Brecht v. Abrahamson, 507 U.S. 619, 639 (1993).

8.

A petitioner convicted of conduct that the Supreme Court later makes clear is unconstitutional or not criminal is entitle to bring a § 2255 challenge to the conviction. This remains so notwithstanding the entry of a guilty plea. In such a situation, the defendant "has not made a knowing and voluntary plea: 'neither [the defendant], nor counsel, nor the court correctly understood the essential elements of the crime with which he is charged.'" Jackson v. United States, 9 Fed. Appx. 550, 552 (7th Cir. 2001) (quoting Bousley, 523 U.S. at 621). The Bousley Court insisted that "[t]here can be no room for doubt that a circumstance 'inherently results in a complete miscarriage of justice' and 'presents exceptional circumstances' that justify collateral relief under [28 U.S.C.] § 2255." Id. at 626 (quoting Davis, 417 U.S. at 346-47).

The fact that Mr. Bates failed to challenge his guilty plea on direct appeal does not preclude this Honorable Court from analyzing whether it was unconstitutional or a fundamental miscarriage of justice to convict him using the residual clause to qualify him for an ACCA statutory sentencing enhancement (§ 924(e)). Mr. Bates challenge to his conviction can proceed as long as he can overcome precedural default by establishing cause and prejudice or actual innocence.

    i. Mr. Bates Can Overcome a Procedural-Default Defense Under Either of The Well-Recognized Exceptions: Cause and Prejudice or Actual Innocence

The Procedural default analysis set forth in Bousley, 523 U.S. at 616-17, applies in this case. In Bousley, as here, Mr. Bates pled guilty and did not challenge the guilty plea on direct appeal.

Id. When the Supreme Court subsequently narrowed the statute of conviction, the petitioner filed a §2255 motion to invalidate the guilty plea. Id. at 617. Mr. Bates presents a cognizable claim challenging his ACCA enhancement based the narrowing of the statute through this §2255(f)(1) motion, but the claim was not raised on direct appeal, it is necessary to first overcome the procedural default.

Procedurally defaulted claims-claims not raised at the time of conviction and direct appeal-can be raised in collateral attack if the petitioner can establish (a) cause and prejudice or (b) actual innocence. Schlup v. Delo, 513 U.S. 298, 313-315 (1995). A habeas claim is reviewable if either of these exceptions applies and in Mr. Bates' case both do.

### a. There Was Cause For The Default And Mr. Bates Suffer Actual Prejudice As A Result

Cause Necessary to excuse a procedural default must be an occurrence beyond a defendant's control that cannot be fairly attributed to him. See McCleskey v. Zant, 499 U.S. 467, 493 (1991)("in procedural default cases, the cause standard requires a petitioner to show...' some objective factor external to the defense...'"). A claim that "is so novel that its legal basis is not reasonably available to counsel" may constitute cause for a procedural default. Reed v. Ross, 468 U.S. 1, 16 (1984). In other words, defense counsel did not have "a 'reasonable basis' upon which to develop [the] legal theory." Id. at 17. Somewhat relatedly, cause can be established where a petitioner's waiver of his right to appeal "was premised on misinformation about the elements of the crime with which he was charged, rendering the

waiver involuntary and unintelligent." Arreskhjold v. United States, 707 F. Supp. 2d 1322, 1339 (S.D. FL. 4/10/10). Prejudice necessary to excuse a procedural default means that the alleged error worked to a defendant's "actual and substantial disadvantage". United States v. Frady, 456 U.S. 152, 170 (1982).

    Here, Mr. Bates had no reasonably opportunity, either before the pleading, sentencing or direct appeal, to challenge the constitutionally of the residual clause as how it was applied to him to qualify his prior convicts a violent felonies in order to move his mandatory minimum to fifteen years from zero. Sixth Circuit precedent was against him, thus, he could not be expected to preserve such a claim as a basis for a later attack. See In Re Davenport, 147 F.3d 605, 610 (7th Cir. 1998)("It would just clog the judicial pipes to require defendants, on pain of forfeiting all right to benefit from future change in law, to include challenges to settled law in their briefs on appeal and post conviction filings.").

    At sentencing, Mr. Bates was found to qualify as an ACCA habitual offender because controling Sixth Circuit precident barred him from appealing the use of his Michigan fleeing and eluding predicate prior conviction as not meeting the defination of a "violent felony". See Young, 58 F.3d at 381 (holding that Michigan's Third Degree Fleeing and Eluding , in violation of MCL § 750.479a(3), qualifies as a predicate prior conviction for ACCA purposes within the catchall residual clause provision of the ACCA). For this reason Mr. Bates was sentenced to a statutory minimum of 15 years because the Young court prevented him from trying to attack this residual clause as being unconstitutionally vague. Nor was there any

indication by the Supreme Court would consider the catchall residual clause test as be unconstitutionally vague.

Alternatively, if this Honorable Court determines that the legal challenge to Mr. Bates' conviction was not so novel as to be unavailable, then it should find that his misunderstanding of what prior convictions under the residual clause qualified rendered his appellate waiver involuntary and unintelligent. Mr. Bates ended up waiving his right to appeal only after being misadvised there were no grounds to challenge his conviction or sentence. If grounds existed for a challenge to his ACCA status on the basis that the residual cause was unconstitutionally vague, then he was misinformed and his decision not to appeal was not voluntary and intelligent.

Prejudice, in Mr. Bates' case, is established by his inability to challenge the legal and factual bases for ACCA enhancement conviction through pleading, sentencing, direct appeal and now, if procedurally defaulted, through §2255.

**b. Mr. Bates' Is Actually Innocent Of Being An ACCA Offender**

A claim of actual innocence may "avoid a procedural bar" to the consideration of the merits of a motion for relief. Mr. Bates' claim remains reviewable because he can establish that the constitutional error in his plea colloquy "has probably resulted in the conviction of one who is actually innocent." Bouseley, at 624 (quoting Murray v. Carrier, 477 U.S. 478, 496 (1989)). Actual innocence is established where, in light of all

12.

the evidence, "it is more likely than not that no reasonable juror would have convicted [the petitioner]." Schlup, 513 U.S. at 327.

The Supreme Court has made it clear that no man "should be held accountable for a violation of a statute whose commands are uncertain, or subject to punishment that is not clearly prescribed." United States v. Santos, 553 U.S. 507, 514 (2008). The law must provide fair warning of the line between criminal and noncriminal conduct, and that "legislatures and not courts should define criminal activity, which rests on "the instinctive distaste against men languisuing in prison unless the lawmaker has clearly said they should." United States v. bass, 404 U.S. 336, 348 (1971); See United States v. Gradwell, 243 U.S. 476, 485 (1917)("[B]efore a man can be punished as a criminal under federal law his case must be plainly and unmistakably within the provisions of some statute.") A sentence imposed above the other wise applicable statutory maximum based on legal error is a fundamental defect redressable under collateral review. A Conviction for non-criminal conduct implicates the separation-of-powers principle which Johnson touchs on. A sentence above the statutory maximum implicatees the separation-of-powers principle that "the power... to prescrible the punishments ot be imposed upon those found guilty of [federal crime] besides wholy with the Congress." Whalen v. United States, 445 U.S. 684, 689 (1980). A sentencing courts do not have the authority to impose a sentence without legislate authorization and sentence above the statutory maximum represents just such an unauthorizade senence. See, e.g., Chap-

13.

man v. United States, 500 U.S. 453, 465 (1991)(sentencing court may impose any sentence that has been "authorized by statute").

The imposition of an erroneous mandatory minimum sentence is likewise a fundamental error that raises separation-of-power concerns analogous to those implicated by a sentence above the statutory maximum. Congress has the exclusive authority to establish maximum and minimum penalties for a criminal offense. See United States v. Wiltberger, 18 U.S. (5 Wheat.) 76, 95 (1820) ("it is the legislature, not the court, which is to define a crime, and ordain its punishment."). When the Honorable Judge commited legal error in determining that Mr. Bates was required to be sentenced to a mandatory minimum term of fifteen (15) years it transgress the authority that Congress established and effectively erroneously sentenced Mr. Bates to an aggravated crime which he is actually innnocent of.

In addition, the imposition of a mandatory minimum term based on legal error significantly affects a defendant's liberty interests in a way that implicates Due Process. While mandatory minimum punishments are unquestionalby valid legislative means to curb judicial discretion and ensure severe punishment for defendants whose conduct and history warrant those penacties, it imposition of a mandatory minimum term based on legal error wrongly deprives the court of discretion to impose a lower sentence after considering all of the mitigating and aggravating factors surrounding the ofense. The resulting sentence therefore represents an unjustified loss of liberty. The fundamental

14.

character of deprivation is comfirmed by the Supreme Court's holding in Hick v. Oklanoma, 447 U.S. 343, 346-347 (1980), Hick established that a habitual offender is denied due process be- cause of a legal and/or factual error when the sentenced uses improper or inaccurate information in making a sentencing determination, the sentencer is prevented from exercising its statutory discretion to impose a lesser sentence. Id at 346-47. If the sentence is based on a Johnson error, the sentencer loses discreton to impose a different punishment and Mr. Bates' minimum mandatory sentence is therefore constitutionally flawed.

Hence, the misaplication of the ACCA enhancement to Mr. Bates' sentence was an indisputable "fundamental error of law." Mr. Bates was senenced as an ACCA offender even though none of his predicate offenses were violent felonies under Johnson. Thus, sentencing Mr. Bates as an ACCA offender based solely on three predicate on offenses that did not qualify is an indisputable error of law that resulted in a significant increase of the statutory maximum he wold of received without the ACCA enhancement reflect a legal statutory misunderstanding which cannot stand. Mr. Bates, therefore, is entitled to relief because the ACCA enhancement error resulted from the basis of inaccurate information that otherwise he had no opportunity to raise until now.

Addmittedly, all this Honorable Court has before it for evaluating Mr. Bates' innocence claim is government's proffer in the plea agreement and indictement, to the extent additional evidence is necessary to establish actual innocence. Mr. Bates'

15.

evidence is necessary to establish actual innocence, Mr. Bates requests an evidentiary hearing to supplement the record. Bousley, 523 U.S. at 623.

  ii. **Mr. Bates** is entitled to collateral relief
    Under Johnson

"[T]o obtain relief under § 2255 [a federal prisoner] must show that the district court sentenced him 'in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to colateral attack." Sun Bear v. United States, 644 F.3d 700, (8th Cir. 2011)(en banc)(concluding that a collateral change in law would be congnizable under § 2255 where the sentence is in excess of the statutory maximum)(quoting 28 U.S.C. § 2255(a)); see generally United States v. Pettifond, 101 F.3d 199, 201 (1st Cir. 1996)(Stating that "The Fourth Prong of § 2255"—that is the otherwise-subject-to-collateral-attack prong- "stand by itself" and "encompasses other than constitutional or statutory error"). "Hence, relief is appropriate only for an error that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in complete miscarrage of justice." Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004).

The merits of Mr. Bates' motion for relief are underniably intertwined with the defenses to procedural default discussed within this motion. He raises two grounds for relief: (1) after Johnson, the conduct underlying his prior convictions which were

used to qualify him as an ACCA offender no longer applies and is a miscarriage of justice to imprison him on that basis, and (2) Mr. Bates' pleas to violation of 18 U.S.C. § 924(e) is constitutionally invalid because Johnson rendered incorrect the Process used to qualify and inform him about the nature of the charges.

In other words, this Honorable Court has two distinct avenues for the aplication of habeas relief. First, it is fundamentally unjust to imprison a person for a statutory enhancement that does not apply to him. Second, if the underlying plea is not knowing, voluntary and inteligent, then a criminal conviction is constitunally invalid.

The record does not reflect an adequate factual basis for Mr Bates' guilty plea to violate § 924(e). If legal development after conviction show that the "conviction and punishment are for an act that the law does not [authorize]." The statutory standard is satisfied:" The change of law shows why the claim could not have been made earlier, and imprisonment for [a statutory enhance that a defendant does not qualify for]is a miscarriage of justice. Davis, 417 U.S. At 346.

Alternatively, Mr. Bates signed a plea agreement submitting to an ACCA offender which should be vacated because it was not made voluntarily and inelligently. See Brady v. United Statees, 397 U.S. 742, 748 (1970)(a guilty plea must be "voluntary" and "intelligent"). For a plea to be intelligent, the defendant must receive "real notice of the true nature of the charged against him."

Smith v. O'Grady, 312 U.S. 329, 334 (1941); See Boykin v. Alabama, 395 U.S. 238, 243 n.5 (1969)(a guilty plea" cannot be truely voluntary unless the defendant possesses an understanding of the law in relation to the facts."). When a post-guilty-plea change in the interpretation of a criminal statute renders incorrect the information provided to the defendant about the nature of the charge, such a plea is constitutionally invalid. Bousley, 523 U.S. at 618-619 ("In other words, Petitioner contends that the record reveals that neither he, nor his counsel, nor the Court correctly understood the essential elements of the crime with which he was charged. Were this contention proven, Petitioner's plea would be, contrary to the view expressed by the Court of Appeal Constitutionally invalid.").

## CONCLUSION

Based on the foregoing, Mr. Bates respectfully requests that this Honorable Court will grant him the following relief:

1) Grant this "Said Motion";

2) Appoint counsel to represent Mr. Bates and file a supplemental brief;

3) Vacate Mr. Bates' plea agreement;

4) Vacate Mr. Bates' sentence and order him resentenced without the ACCA offender enhancement;

5) Order an evidentiary hearing;

6) Grant Mr. Bates any such further relief as this Honorable Judge deems fair and just.

## DECLARATION

I, Lorenzo Maurice Bates, have read this foregoing Memorandum

18.

of Law in Support of my §2255(f)(1) application and state that the facts set forth within this "Said" Memorandum are based upon my own personal knowledge, and are true and correct to the best of my knowledge under the penalties of perjury pursuant to Title 28 U.S.C. §1746.

    Respectfully Submitted On This 31st of August 2015.

*[signature]*
Lorenzo Maurice Bates "Pro-Se"
Fed. Reg. No. 17394-040
U.S. Penitentiary Allenwood
Post Office Box 3000 Unit-2B
White Deer, PA 17887-3000