UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LORENZO MAURICE BATES,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Case No. 1:15-CV-902
(Criminal Case No. 1:13-CR-96)

Hon. ROBERT J. JONKER
Chief U.S. District Judge

**GOVERNMENT'S RESPONSE TO**
**PETITION FOR RELIEF UNDER 28 U.S.C. § 2255**

The United States of America, by and through its attorneys, Patrick A. Miles, Jr., United States Attorney, and Daniel Y. Mekaru, Assistant United States Attorney, hereby respectfully files its response to Lorenzo Maurice Bates's petition for relief under 28 U.S.C. § 2255.

**A. Introduction**

Lorenzo Maurice Bates (Defendant) argues that he is entitled to relief following the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015), in which the Supreme Court held that the "residual clause" of the Armed Career Criminal Act is unconstitutionally vague. For the reasons set forth below, the Government concedes that Defendant is entitled to collateral relief and requests that this Court vacate his sentence and remand him for resentencing.

1

**B. Procedural History**

On January 21, 2014, Defendant pled guilty to a Counts One and Two of the Superseding Indictment (R.3: Superseding Indictment, ID #5) charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and possession with intent to distribute marijuana. (R.31: Minutes, ID #64.) At the time of his guilty plea, Defendant was not advised of the possibility that his sentence could be a mandatory minimum of 15 years. The Government and counsel for Defendant were not aware that he could qualify for the enhanced penalties as an armed career criminal. The presentence investigation, however, discovered that Defendant had three qualifying prior convictions. (R.40: PSR, ¶ 60 at ID #111.) Defendant moved to withdraw his guilty plea on grounds that he was not properly advised of the possible maximum penalties. (R.52: Motion, ID #195.) The Court granted the motion (R.57: Order, ID #209) and Defendant re-entered his guilty plea and was advised that the ACCA could apply in his case. (R.56: Plea Agreement, ID #200.)

Defendant's adult criminal history included the following prior offenses:

- 1995 conviction for armed robbery,
- 2005 conviction for fleeing and eluding, 3rd degree,
- 2005 conviction for deliver/manufacture marijuana and possession of less than 25 grams of cocaine[1],
- 2006 conviction for deliver/manufacture less than 50 grams cocaine,

---

[1] The 2005 convictions did not qualify as serious drug offenses.

2

- 2006 misdemeanor conviction for use of narcotics,

- 2007 conviction for receiving and concealing stolen motor vehicle and possession less than 25 grams of cocaine, and

- three convictions in 2009 for driving while license suspended.

(R.61: PSR at ¶¶ 52 – 60, ID # 245-50).  The presentence report identified the 1995 robbery conviction, the 2005 fleeing and eluding conviction, and the 2006 delivery of cocaine conviction as the three qualifying convictions.

Pursuant to 18 U.S.C. § 924(e) (the Armed Career Criminal Act, or ACCA), a person who violates 18 U.S.C. § 922(g)(1) and has three prior violent felony or serious drug offense convictions is subject to a 15-year mandatory minimum sentence, and a statutory maximum that is increased from 10 years to life.  The parties agreed that Defendant had three qualifying convictions, including Defendant's 2005 conviction for fleeing and eluding in the third degree, a violation of Mich. Comp. Laws § 750.459a(3).  At the time, the conviction qualified as a "violent felony" under the "residual" clause in 18 U.S.C. § 924(e)(2)(B)(ii).[2]

On August 25, 2014, the Court sentenced Defendant to 180 months in prison on Count One and 60 months on Count Two.  (R.63: Judgment, ID #262.) Defendant did not appeal his sentence.

On August 31, 2015, Defendant signed his petition, which was filed on September 3, 2015.  Defendant petitioned this Court to vacate his sentence on

---

[2] Under the residual clause, a crime that does not have force as an element and is not enumerated in the statute qualifies as a "violent felony" if it is punishable by imprisonment for a term exceeding one year and "otherwise involves conduct that presents a serious risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).

grounds that the Supreme Court recognized a new right in *Johnson*, and that this new right should be retroactively applied to his case. This is Defendant's first Section 2255 petition.

**C. Argument**

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the ACCA's residual clause is impermissibly vague and, therefore, imposing an increased sentence under the residual clause "violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563. The Court overruled its decisions in *James v. United States*, 550 U.S. 192 (2007), and *Sykes v. United States*, 131 S. Ct. 2267 (2011), which previously rejected the contention of dissenting Justices that the residual clause was vague. *Johnson*, 135 S. Ct. at 2563.

Section 2255 petitions are subject to a 1-year period of limitations. 28 U.S.C. § 2255(f). This period begins to run from the latest of a variety of dates, one of which is "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

The question in this case is whether *Johnson* sets forth a newly recognized rule. "When a decision of [the Supreme Court] results in a 'new rule,' that rule applies to all cases still pending on direct review." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004). A new rule only applies to final convictions in limited circumstances. *Id*. New rules of procedure generally do not apply retroactively, but new substantive rules generally do apply retroactively. *Id*. Rules that narrow the

4

scope of a criminal statute are substantive rules. *Id*. "Such rules apply retroactively because they 'necessarily carry a significant risk that a defendant' . . . faces a punishment that the law cannot impose upon him." *Id*. (*quoting Bousley v. United States*, 523 U.S. 614, 620 (1998).[3]

The Government concedes that, as applied to the ACCA,[4] *Johnson* has substantive effect and therefore is retroactive. The *Johnson* decision narrowed the scope of the ACCA by invalidating the residual clause on due process grounds. Because Defendant's fleeing and eluding conviction was determined to be an ACCA predicate offense based on the application of the residual clause, it no longer qualifies as a predicate under the statute. Defendant has sustained only two of the

---

[3] The law is unsettled as to whether the Supreme Court made *Johnson* retroactively applicable on collateral review for purposes of second and successive § 2255 motions. *Compare Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015) ("[t]here is no escaping the logical conclusion that the [Supreme] Court itself has made *Johnson* categorically retroactive to cases on collateral review"), *with In re Rivero*, __ F.3d __, 2015 WL 4747749, at *3 (11th Cir. Aug. 12, 2015) ("we hold that *Johnson* did not establish a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court"). However, for initial § 2255 motions, like the one here, the petitioner need only show that *Johnson* is substantive. *Schiro*, 542 U.S. at 351. The Seventh Circuit and the Eleventh Circuit agree that *Johnson* announced a new substantive rule of constitutional law. *Price*, 795 F.3d at 734; *In re Rivero*, 2015 WL 4747749, at *2.

[4] Defendant does not claim that *Johnson* applies to the Sentencing Guidelines. The Government here concedes only that *Johnson* announced a new "substantive" rule in the context of the ACCA, and therefore applies retroactively on collateral review under these circumstances, where Defendant was sentenced to a term of imprisonment that exceeded the otherwise applicable statutory maximum. The Government maintains that *Johnson*, when applied to the Guidelines, is a new, non-watershed "procedural" rule and hence not retroactive. *See Teague v. Lane*, 489 U.S. 288 (1989).

5

requisite three predicate convictions. Defendant's claim of error is therefore cognizable under Section 2255.

No procedural bar precludes relief for Defendant. He did not waive his right to collaterally attack his sentence in his plea agreement, so that right remains intact. His supplemental claim is timely under § 2255(f)(3), having been filed less than three months after the publication of *Johnson*. Further, to the extent that Defendant's claim is deemed procedurally defaulted, the Government expressly waives that procedural bar and any other procedural defenses that might otherwise preclude collateral relief.

Defendant made additional requests for relief, including: appointment of counsel for filing a supplemental brief, vacating his plea agreement, an evidentiary hearing, and any such further relief deemed fair and just. The Government submits that all of Defendant's additional requests for relief are mooted by the Government's concession that the sentence should be vacated.

### D. Conclusion

The Government respectfully recommends that this Court vacate Defendant's sentence and remand him for resentencing consistent with *Johnson*. Should the Court request it, the Government will submit additional briefing regarding an appropriate sentence for Defendant in light of the revised Guideline range and statutory maximum.

|                              | Respectfully submitted,                                                                                              |
|------------------------------|----------------------------------------------------------------------------------------------------------------------|
|                              | PATRICK A. MILES, JR.<br>United States Attorney                                                                      |
| Date:  October 15, 2015      | /s/ Daniel Y. Mekaru<br>DANIEL Y. MEKARU<br>Assistant United States Attorney<br>P.O. Box 208<br>Grand Rapids, Michigan  49501-0208<br>(616) 456-2404 |

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2015, the foregoing document was electronically filed.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

I further certify that a copy of the foregoing document was mailed on this date to:

LORENZO MAURICE BATES
Register No.: 17394-040
USP Allenwood
Unit 2B
PO Box 3000
White Deer, PA 17887-3000

                                                      /s/ Daniel Y. Mekaru
                                                     DANIEL Y. MEKARU
                                                     Assistant United States Attorney
                                                     P.O. Box 208
                                                   Grand Rapids, Michigan  49501-0208
                                                   (616) 456-2404